JOURNAL ENTRY and OPINION
This case is before the court on appeal from a judgment entered by the Cleveland Municipal Court finding appellant guilty of building and housing code violations based upon his nolo contendere plea. In a single assignment of error, appellant alleges:
 THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS AND QUASH THE EVIDENCE OBTAINED IN VIOLATION OF THE FOURTH AMENDMENT, ORC 2935.12, ORC 2933.231, AND CRIMINAL RULE 41.
We find no error in the court's decision and affirm its judgment.
 FACTS AND PROCEDURE
On August 26, 1998, Housing Inspector Rufus Taylor executed the following affidavit, which he swore to and subscribed before Willie Mitchell, an attorney and notary public:
 RUFUS TAYLOR, being first duly sworn according to law, deposes and says:
 1. I am currently employed as a Housing Inspector for the City of Cleveland.
 2. I inspected the exterior of 5612 Harvard on August 24, 1998.
 3. The violations I found include deteriorated window sashes, sills and frames; deteriorated siding and areas of missing siding; the chimney is in need of repair and tuckpointing; the gutters and downspouts are deteriorated and in need of repair; the downspouts are not connected to sewer; the dumpster is not enclosed or screened; the rear masonry steps are in need of repair and the trim and facia boards are deteriorated and in need of repair.
 6. Based on my experience as a Housing Inspector and the foregoing facts, I believe it is likely that the conditions inside 5612 Harvard are in violation of the City's Building and Housing Codes, and are or may become hazardous to the public health, safety, or welfare.
(Paragraph numbers sic.)
The Cleveland Municipal Court found that this affidavit provided probable cause to support the issuance of a search warrant, which it issued on the following day. The warrant authorized a search and inspection of the entire premises, exterior and interior, for conditions which are or may become, hazardous to the general public and which may be violations of Building and Housing Code and the Health Code of the City of Cleveland.
On February 3, 1999, appellant was cited by the Cleveland Department of Community Development, Division of Building and Housing, for failure to abate hazardous conditions, failure to correct a condemnation notice, and failure to obtain permits to correct the condemnation notice. Attached to the citation was a notice of violation dated September 2, 1998, which listed some twenty-two violations of the Ohio Basic Building Code and Cleveland Codified Ordinances at the subject premises.
Appellant moved the court to suppress evidence he claimed was illegally obtained from a search of his premises. He also moved the court to quash the search warrant the municipal court had issued to authorize the search. The court held a hearing on these motions and journalized a judgment entry and opinion on September 13, 1999 denying them both.
The court held that appellant had not demonstrated that he was the victim of selective enforcement. The court determined that, for appellant to prove selective prosecution, he had to show that the city purposefully or intentionally discriminated against him. According to the court, he did not meet this burden simply by showing that other similarly situated parties were not prosecuted. The court also said that while an enforcement system based solely on complaints is subject to the potential for discriminatory enforcement, this potential was not sufficient to demonstrate a discriminatory purpose here.
The court held that the search warrant was issued pursuant to Inspector Taylor's affidavit, which established probable cause to believe that building and housing code violations existed on the premises. The court found that various defects in the issuance and return of the warrant did not affect the admissibility of the evidence seized pursuant to it.
On January 18, 2001, appellant withdrew his previously-entered not guilty plea and entered a plea of no contest. The court found appellant guilty and sentenced him to a $1000 fine, $900 of which was suspended.
 LAW AND ANALYSIS
Appellant argues that the court should have suppressed the results of the search because:
 (1) the affidavit for a search warrant was not sworn before a judge as required by Crim.R. 41(C);
 (2) the affidavit for the search warrant did not demonstrate probable cause;
 (3) the city's chief building inspector targeted appellant's business and building for enforcement;
 (4) the police entered the premises illegally, in violation of R.C. 2935.12 and 2933.231;
 (5) the trial judge and prosecutor covered up non-compliance with Crim.R. 41(C);
(6) appellant did not deny any request for inspection;
 (7) the police entry violated appellant's fourth amendment rights; and
 (8) the court's failure to suppress all evidence gained from the search mandates reversal.
Appellant complains that the affidavit was not sworn before a judge, as required by Crim.R. 41(C); however, we find that he was not prejudiced by this technical violation of the rule. Inspector Taylor testified that he appeared before the judge who issued the warrant and could have provided sworn testimony if needed.
Appellant next claims the warrant was not supported by probable cause. In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate * * *. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. State v. George (1989), 45 Ohio St.3d 325, paragraph two of the syllabus.
Here, we find that the affidavit provided a substantial basis upon which the court could have found probable cause. The evidence of exterior violations, especially the deteriorating siding and windows, was sufficient to demonstrate a fair probability that there were violations inside the premises as well. From a practical, common-sense standpoint, such deteriorating exterior conditions created a likelihood that the interior was damaged from exposure to the elements.
The simple fact that the Chief Building Inspector asked Inspector Taylor to inspect these premises does not demonstrate selective enforcement of the housing code against appellant. "`[T]he conscious exercise of some selectivity in enforcing a statute fair on its face'" is not unconstitutional in itself. State, ex rel. Celebrezze, v. Thermal-Tron (1992), 71 Ohio App.3d 11, 18 (quoting Whitehall v. Moling [1987], 40 Ohio App.3d 66, 69). Proof of selective enforcement requires evidence of actual discrimination due to invidious motives or bad faith. There was no evidence of actual discrimination here. Id.
Appellant also urges that the manner in which the police executed the warrant violated R.C. 2935.12 and 2933.231. Appellant did not argue this issue before the Municipal Court and therefore waived it. In any event, however, there is no evidence in the record to support this contention. R.C. 2935.12, often described as the knock and announce statute, provides that a law enforcement officer, when executing a search warrant, may break down a door or window if, after notice of his intention to execute the warrant, he is refused admittance. The testimony at the suppression hearing indicates that there was no one at the premises to grant admittance to the officers executing the warrant; therefore, there is no evidence the officers violated the knock and announce statute by using force to make entry.
R.C. 2933.231 provides an exception to the knock and announce requirements where an officer's safety would be placed at risk. It is inapplicable here.
Appellant does not explain the basis for his contention that the prosecutor and the court covered up non-compliance with Crim.R. 41(C). We decline to speculate about what this contention could mean.
Appellant's claim that he never refused any request for an inspection of the premises is irrelevant. Once the inspector obtained a warrant, appellant's consent to an inspection was unnecessary.
The search of appellant's premises pursuant to a valid search warrant did not violate appellant's Fourth Amendment rights; therefore, the court did not err by denying appellant's motion to suppress and motion to quash. Accordingly, we affirm.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and JAMES J. SWEENEY, J., CONCUR